**Max J. GARCIA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 03–3133.

United States Court of Appeals, Federal Circuit.

July 28, 2003.

Before MAYER, Chief Judge,
NEWMAN and LOURIE, Circuit Judges.

PER CURIAM.

Mr. Max J. Garcia petitions for judicial review of the decision of the Merit Systems Protection Board, affirming the Office of Personnel Management's denial of his application for a disability retirement annuity.[1]

■ This court does not have appellate review authority of the factual correctness of disability determinations, or of corollary aspects such as, in this case, whether the agency could have provided "reasonable accommodation" and reduced travel due to his medical condition. Our review of disability determinations by the Office of Personnel Management is restricted, in accordance with 5 U.S.C. § 8347(c):

> The Office [of Personnel Management] shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are final and conclusive and are not subject to review. . . .

Interpreting this statute, the Supreme Court in *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) confirmed that the Federal Circuit cannot review the factual underpinnings of disability determinations. However, the Court held that judicial review is appropriate to determine "whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" 470 U.S. at 791, 105 S.Ct. 1620 (quoting *Scroggins v. United States,* 184 Ct.Cl. 530, 397 F.2d 295, 297 (968)).

Mr. Garcia states that the MSPB failed to consider that the Agency denied his accommodation request despite his medical evidence of disabling conditions, and that his supervisor maliciously provided a false statement of his capabilities. These arguments do not meet the *Lindahl* criteria of judicial review.

Mr. Garcia also states that a month after the MSPB's decision, the Department of Veterans Affairs increased his cumulative disability rating to 170%. The MSPB has established that a Veterans Administration's rating decision is relevant evidence in disability cases. In *Mendenhall*

---

1. *Garcia v. Office of Personnel Management,* 93 M.S.P.R. 301 (2002).

*v. United States Postal Service*, 74 M.S.P.R. 430 (1997) the MSPB reopened a case in which "the Department of Veterans Affairs and the Social Security Administration determined that the appellant was unemployable, or disabled," citing this court's decision in *Trevan v. Office of Personnel Management*, 69 F.3d 520, 526 (Fed.Cir.1995) for its holding that "although Social Security Administration disability awards are not binding on the Board, such awards and any underlying medical data are evidence that the Board must consider in determining the appellant's entitlement to disability retirement." In *Mendenhall* the Board relied on the Veterans Administration and Social Security awards to conclude that "since 1993, or earlier, the appellant has been totally disabled."

■ The government points out that Mr. Garcia's veterans disability rating was not before the Board. Indeed that is correct, for it was received a month later. But material evidence "going to the heart of the administrative determination," in the words of *Lindahl*, must be considered. Thus this court's jurisdiction is invoked to the extent of providing the Board with the opportunity to consider this evidence. For this purpose, we *vacate* the Board's decision and *remand* for consideration of the VA's decision.